LEVY, Judge
(dissenting).
I respectfully dissent.
Appellant, Brickell Station Towers, Inc. [BST], appeals the trial court’s entry of a “Partial Summary Judgment” signed by the trial judge on June 9, 1989.
The majority opinion dismisses this appeal by holding that:
“The lower Court’s order granting partial summary judgment is a non-final, non-appealable order under Florida Rules of Appellate Procedure 9.130(a)(3)(iv), since there is not a determination of liability.”
For several reasons, I respectfully disagree. First, the order appealed from is entitled “Partial Summary Judgment”. While the wording contained within the title of a court order is not determinative as to whether or not it is the type of order that is appealable, it certainly is a factor to be considered and cannot be ignored. Here, the language used by the Court to name this order clearly indicates that it is the final word of the court regarding a specific portion of the case.
To properly analyze the nature of the order in question, we next must look to determine what was accomplished by virtue of the entry of the order. For example, appellee argues that the language used by paragraph number three in the order in question merely reflects the fact that certain payments have not been made. Clearly, upon closer examination, it is obvious that paragraph number three of the order in question does far more than that. Beyond making the observation that certain payments have not been made, the order goes on to include the specific language indicating that “the principal amounts due under the Promissory Notes ... are thus in default.” The word “default” is a term of art and its use here means far more than the fact that the payments were not made. Specifically, as used herein, the word “default” reflects the trial court’s finding that the appellant has wrongfully failed to make the payments in question. In other words, “default” does not merely mean that a payment was not made. Rather, it indicates that a payment was not made when it was, in fact, legally required to be made, and, furthermore, that the trial court finds that the party having the obligation to make the payment was legally wrong in not making the payment. The American Heritage Dictionary, Second College Edi *134 tion, 1985, defines default as “a failure to perform a task or fulfill an obligation, especially failure to meet a financial obligation.”
For numerous reasons, as reflected in appellant’s Answer and in its Affirmative Defenses, appellant contends that it is not legally obligated to pay all of the sums that the Promissory Note would otherwise indicate that they owe. However, their position is rendered moot by the fact that the trial court has clearly rendered a ruling that appellant is, in fact, obligated to make all of those payments and, furthermore, that appellant has wrongfully failed to make those payments which appellant was obligated to make. The trial court did this through the use of the word “default”.
By virtue of now having found, as a matter of law, that the appellants have the legal obligation to make the payments in question, the trial court has clearly determined “the issue of liability in favor of a party seeking affirmative relief”. See Rule 9.130(a)(3)(C)(iv). That is to say, paragraph number three of the Court’s “Partial Summary Judgment” has clearly determined the issue of appellant’s liability in favor of appellee. The foregoing, standing alone, clearly establishes that the order in question is appealable.
However, if anyone reading paragraph number three of the “Partial Summary Judgment” still harbors any doubt as to whether the said order determines “the issue of liability in favor of a party seeking affirmative relief”, they have only to look to paragraph number four of the same order wherein it is provided that “Interest shall accrue on these notes at the default rate provided therein ...”. By ordering that “interest shall accrue ...” (emphasis supplied), the trial court clearly reflects that it has found appellant to be liable to the appellee in connection with the payments. There is no other reasonable explanation for the trial court to have commenced the accrual of interest, in favor of appellee, in connection with the Promissory Notes in question. Indeed, courts only order the accrual of interest after the court has first established liability regarding the principal.
Appellee contends that the trial court did not determine the liability of the appellant in favor of appellee since, as appellee argues, the trial court’s order in question provides that the trial court will consider, at subsequent hearings, “... the sufficiency of such other Affirmative Defenses asserted by BST, which are presently the subject of various motions to strike or orders to amend entered by this court ...”. The foregoing language, indicating that the trial court will, at subsequent hearings, consider the sufficiency of other affirmative defenses asserted by appellant, is contained within the final paragraph of the order in question. I think, however, that it is extremely significant to note that the said final paragraph is a reservation of jurisdiction paragraph and, more importantly, immediately follows the language wherein the trial court retains jurisdiction “... to determine: (1) the amount of interest owed to the plaintiff ... ”. There is no reservation of jurisdiction to subsequently determine the question of liability. Clearly, the trial court has already found appellant to be liable to appellee, as reflected by the fact the trial court has found appellant to be “in default” and now, having already determined the question of liability, the trial court seeks to reserve its jurisdiction to determine the exact amount of interest that appellant will owe to appellee in connection with the principal sum of money for which the trial court’s order has inherently already found to be owed by appellant to appellee.
Appellee wants this court to hold that, by reserving jurisdiction to consider the sufficiency of some of appellant’s other affirmative defenses (other than the defense of usury which the trial court eliminated through the order in question), the trial court did not actually make a determination regarding the issue of liability. That position, as well as the above-described language relied upon by appellee in support of that position, is totally inconsistent with the entire remainder of the “Partial Summary Judgment” and all that is legally *135 accomplished by the entry of that document.
For all of the foregoing reasons, I find that a reading of the plain meaning of the order under review reflects that it is the type of non-final order which is appealable under Rule 9.130 of the Florida Rules of Appellate Procedure. Accordingly, this appeal should not be dismissed but, rather, should be considered on its merits.
Turning to the merits of the appeal itself, it is my view that the entry of the “Partial Summary Judgment” was error in view of the numerous questions of material fact that exist in the record before us. Furthermore, it appears that the order in question was entered at a point in time before appellant had a reasonable opportunity to complete further necessary discovery, which further discovery might demonstrate the existence of even more questions of material fact as well as present appellant with sufficient evidence to properly defend its case.
Accordingly, I would reverse the “Partial Summary Judgment” under review and remand the cause to the trial court to allow for further discovery and such other proceedings as might be appropriate.